```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| ARMANDO LONGORIA, | § § § § § § | |
| Petitioner, | § § | |
| v. | § § | C.A. NO. C-07-075 |
| NATHANIEL QUARTERMAN, | § § § § | |
| Respondent. | § § § § | |

**ORDER**

On this day came on to be considered Petitioner Armando Longoria's second motion for an extension of time to object and respond to the Memorandum and Recommendation of Magistrate Judge Brian L. Owsley (D.E. 32, seeking a second extension of time to respond to D.E. 23). For the reasons set forth below, Petitioner's motion is hereby DENIED.

**I.   Background**

The Memorandum and Recommendation at issue in this case was issued by the Magistrate Judge on June 21, 2007 (D.E. 23). On July 5, 2007, Petitioner sought an extension of time to file objections to the Memorandum and Recommendation (D.E. 26).[1] On July 9, 2007,

---

[1] Petitioner signed his first motion for extension of time (D.E. 26) on June 30, 2007. The Court notes that despite Petitioner's various assertions regarding delays with prison mail and

the Court granted Petitioner until July 18, 2007, to file objections to the Magistrate Judge's Memorandum and Recommendation on Respondent's motion for summary judgment (D.E. 27). Petitioner filed an initial "response" to the Memorandum and Recommendation on July 13, 2007, asking for "re-consider[ation]" of the Magistrate Judge's recommendation (D.E. 28).[2] As of the present date, Petitioner has not filed any further objections in this case.

## II. Discussion

The Memorandum and Recommendation on Respondent's motion for summary judgment was issued on June 21, 2007. Accordingly, Petitioner has had ample time to work on his objections. Indeed,

---

difficulties in preparing legal documents, Petitioner was able to prepare and submit this motion for extension of time less than ten days after issuance of the Memorandum and Recommendation in this case.

[2]In his "response" filed on July 13, 2007, Petitioner argues that reconsideration is warranted because Petitioner is currently incarcerated and in custody of the Texas Department of Criminal Justice. This objection does not have merit. A court only has jurisdiction over a Petitioner's habeas claims if the Petitioner is currently in custody for the sentence he attacks in his petition. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989). At the time he filed his habeas petition, Petitioner was no longer in custody for the sentence he attacks in the petition (attempted indecency with a child). That sentence expired on February 6, 2007, and Petitioner filed his habeas petition on February 13, 2007. Petitioner is currently incarcerated, but he is incarcerated on a parole violation for another offense, not the attempted indecency with a child conviction that he challenges in his habeas petition. Accordingly, while the Court notes Petitioner's objection that the Memorandum and Recommendation should be 'reconsidered' because Petitioner is currently incarcerated, this objection does not have merit because Petitioner is incarcerated on a parole violation for another offense.

Petitioner already filed a "response" to the Memorandum and Recommendation on July 13, 2007, which this Court considered and determined did not have merit.

A Petitioner generally has ten days to file objections to a Memorandum and Recommendation.  The Petitioner in this case now contends that over a month is not sufficient for him to prepare objections in this case.  Petitioner essentially argues that he needs more time as a result of his incarcerated status, because he has limited access to law books and research materials, and because he is not a lawyer and is unfamiliar with the law.  These arguments would apply to numerous habeas petitioners who have successfully filed objections within the ten days allotted by law.  Petitioner in this case has not presented a compelling argument why he should be granted <u>two</u> extensions of time for further objections, after he already filed his "response" to the Magistrate Judge's Memorandum and Recommendation.

Further, the Court in this case has <u>already adopted</u> the Magistrate Judge's Memorandum and Recommendation, and final judgment has been entered DISMISSING Petitioner's habeas petition (D.E. 30, 31).  Petitioner's time to object has passed, and this Court accordingly DENIES Petitioner's second motion for an extension of time to object to the Memorandum and Recommendation

regarding Respondent's motion for summary judgment.[3]

SIGNED and ENTERED this 24th day of July, 2007.

_____
Janis Graham Jack
United States District Judge

---

[3]The Court also DENIES Petitioner's request for reconsideration of the Court's denial of Petitioner's motion for appointment of counsel. There is no constitutional right to counsel in federal habeas proceedings, and appointment of counsel is not appropriate in this case. See Wright v. West, 505 U.S. 277, 293 (1992).